IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EARNEST M. CRIDDLE**            **PLAINTIFF**

v.            No. 4:11CV15-D-V

**MISSISSIPPI DEPARTMENT
OF CORRECTIONS, ET AL.**            **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Earnest M. Criddle, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## DISCUSSION

Mr. Criddle alleges that, though he is eligible for parole based upon the criteria in place at the time of his conviction, the Mississippi Department of Corrections has erroneously denied him the ability to seek parole, based upon a law passed after his conviction. As an initial matter, the plaintiff's § 1983 claims based upon the violation of state law should be dismissed for failure to state a constitutional claim; violation of state law does not, alone, give rise to a cause of action under § 1983. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982). Next, the Due Process Clause provides protection only from those state procedures which imperil a protected liberty or property interest. *Olim v. Wakinekona*, 461 U.S. 238, 250-51, 103 S. Ct. 1741, 1748, 75 L. Ed. 2d 813 (1983). Thus, unless the Mississippi statutes governing parole afford prisoners a liberty or property interest, a prisoner cannot mount a procedural or substantive due process challenge to

the actions of the parole board. *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Mississippi parole statutes do not, however, bestow a liberty or property interest to prisoners; hence, Mississippi prisoners cannot challenge the decisions of the parole board on due process grounds. *Irving v. Thigpen*, 732 F.2d 1215, 1218 (5th Cir. 1984). Therefore, the plaintiff's due process claims should be dismissed for failure to state a claim upon which relief could be granted. The plaintiff's final claim, equal protection, must fail, as well, as the plaintiff has failed to identify "two or more relevant persons or groups" which the government has classified and treated differently, to the plaintiff's detriment; thus this final claim should be dismissed for failure to state a claim upon which relief could be granted. *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996). In sum, all of the plaintiff's claims should be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 20th day of June, 2013.

/s/ Glen H. Davidson
SENIOR JUDGE